# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| **WILLIAM HARDING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:15 CV 305** |
| | ) | |
| **CENTRAL TRANSPORT LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

William Harding, a *pro se* plaintiff, is proceeding on a claim against his former

employer, defendant Central Transport LLC ("Central Transport"), for employment

discrimination based on an alleged disability. (DE # 1.) Central Transport has moved

for summary judgment. (DE # 26.) For the reasons stated below, the motion will be

granted.

## I.     LEGAL STANDARD

Summary judgment must be granted when "there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A genuine issue of material fact exists when "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes

summary judgment inappropriate; "[o]nly disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude the entry of

summary judgment." *Id.* To determine whether a genuine issue of material fact exists,

the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in his or her own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). If the nonmoving party fails to establish the existence of an essential element on which he or she bears the burden of proof at trial, summary judgment is proper. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006).

Plaintiff did not file a response to the motion for summary judgment, despite being given proper notice of the motion. (*See* DE # 28.) Pursuant to N.D. Ind. Local Rule 7-1(d)(4), a party's failure to file a response within the time prescribed may subject the motion to summary ruling. Nevertheless, "[s]trict enforcement of [local rules] does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.* Accordingly, defendant Central Transport's "statement of material facts" (DE # 27 at 4–5) is deemed admitted and undisputed. The court still must "make the further finding that given the undisputed facts, summary judgment is proper as a matter of law." *Wienco, Inc.*, 965 F.2d at 568.

2

## II.     BACKGROUND

On March 18, 2011, Central Transport hired plaintiff William Harding to work as a linehaul driver. (DE # 27-1 at 1.) In June of that year, Harding fell off a dock at work and was injured. (DE # 1 at 2.) The last day that Harding worked for Central Transport was June 15, 2011. (DE # 27-1 at 2.) On July 1, 2011, Harding received his final check for work performed as a driver, and 14 days later he began receiving worker's compensation benefits related to his occupational injury. (*Id.*) On September 21, 2012, Central Transport received notice that Harding had undergone an examination by an independent medical examiner, which detailed his medical restrictions. (*Id.*)

On October 7, 2014, Harding filed a charge of discrimination with the EEOC and the City of Fort Wayne Metropolitan Human Relations Commission. (DE # 27-2.) Harding alleges that since his injury, Central Transport has not allowed him to work. (DE # 1 at 2.) He argues that Central Transport could have accommodated his disability by assigning him to a "drive only" position. (*Id.*) According to Harding, the failure to provide this accommodation is a violation of the Americans with Disabilities Act (the "ADA"). (*Id.*) However, prior to filing his charge on October 7, 2014, Harding had never asked Central Transport to provide him with an accommodation or alternate employment position. (DE # 27-1 at 2.)

Additionally, Harding alleges that he is still employed by Central Transport because "in March 2014, [he] was given a random drug test." (DE # 1 at 2–3.) Harding does not specify who gave him this drug test, nor does he provide any evidence of it

3

outside of a single allegation in his complaint. (*See id.*) Regardless, the undisputed evidence provided by defendant demonstrates that Central Transport did not ask Harding to take a drug test in March 2014. (DE # 27-1 at 3, 10–13.)

Harding filed his complaint in this court on October 22, 2015. (DE # 1.) Central Transport filed its motion for summary judgment on March 15, 2016. (DE # 26.) The motion is now ripe for ruling.

## III.    DISCUSSION

In its motion, Central Transport argues that summary judgment is appropriate because Harding did not file a charge of discrimination in a timely manner. (DE # 27 at 6.) To successfully pursue a claim under the ADA, a plaintiff must have timely filed a charge of discrimination with the EEOC or appropriate local agency. *See Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). The ADA's enforcement provision expressly incorporates this timeliness requirement from Title VII. *Id.* (citing 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(e)(1)). Consequently, in Indiana, charges of discrimination "must be filed within 300 days of the occurrence of the act that is the basis of the complaint." *DeLon v. Eli Lilly & Co.*, 990 F. Supp. 2d 865, 871 (S.D. Ind. 2013).

Harding filed his charge of discrimination on October 7, 2014, and 300 days before that date is December 11, 2013. Thus any contention by Harding that Central Transport "failed to accommodate his disability" before December 3, 2013, "cannot be used to support [his] claim." *Teague v. Nw. Mem'l Hosp.*, 492 F. App'x 680, 683 (7th Cir. 2012).

4

Plaintiff alleges that the failure to accommodate his injury began in June 2011 and continued through the date he filed the charge. (*See* DE # 1 at 4.) Importantly, however, a refusal to provide a reasonable accommodation is a "discrete act" and "not an ongoing omission." *Teague* 492 F. App'x. at 684 (holding this and citing other circuits that have held the same); *DeLon*, 990 F. Supp. 2d at 871. Thus, in the case at hand, Harding may only base his ADA claim on some discrete act that Central Transport took when it (allegedly) refused to accommodate plaintiff's injury. He may not base his claim on Central Transport's continuing lack of accommodation after the refusal. *See Stepney*, 392 F.3d at 240 ("We have made clear, however, that failure to remedy an unlawful employment action is not a discrete actionable violation.").

Therefore, in order for Harding to properly bring a claim under the ADA for a failure to accommodate his disability, he must allege that Central Transport took action to refuse the accommodation before December 3, 2013. There is no evidence that Harding ever requested an accommodation before that date, or any evidence that such a request was denied. Construing Harding's complaint liberally, he could be alleging that Central Transport's decision to deny an accommodation occurred when he was first not allowed to drive in June 2011. (*See* DE # 1.) Of course, that is before December 3, 2013.

Alternatively, Central Transport proposes in its motion that perhaps Harding believes an ADA violation occurred when it did not accommodate him on the date it received notice of Harding's independent medical examination. (DE # 27 at 7.) Harding does not present this theory himself or mention the medical examination in his

complaint. Regardless, this notice came on September 21, 2012, which is also before December 3, 2013.

There is no evidence of any discrete act taken by defendant to refuse an accommodation within 300 days of the date Harding filed his charge. Therefore, Harding's ADA claim is time-barred and the defendant Central Transport is entitled to summary judgment.

## IV.    CONCLUSION

For the reasons set forth above, the motion for summary judgment (DE # 26) is **GRANTED**. The Clerk is to **ENTER FINAL JUDGMENT** stating:

> Judgment is entered in favor of defendant Central Transport LLC and against plaintiff William Harding, who shall take nothing by way of his complaint.

<b>SO ORDERED.</b>

Date: March 20, 2017

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT